IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELECT BROKERAGE SERVICES, INC. and LANCER A. BARTON,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ASSET BUILDING CONSULTANTS, LTD., and JON BRENT SMITH; PLATINUM LEGACY SETTLEMENTS, LLC, a/k/a PLATINUM LEGACY FINANCIAL & INSURANCE MANAGEMENT; BRIDGE FINANCING FUND, LLC; BRIDGE CAPITAL STRATEGIES, LLC; and FULCRUM CAPITAL STRATEGIES, INC.,<br><br>    Defendants. | Civil Action No. 10-953<br>Judge Nora Barry Fischer |

## **MEMORANDUM OPINION**

### I. INTRODUCTION

Presently before this Court is William J. Labovitz and Lynch Weis, LLC's ("Petitioners") Motion for Leave to Withdraw Appearance filed on January 14, 2011. (Docket No. [45]). On January 24, 2011, Petitioners filed a Supplemental Exhibit to Motion for Leave to Withdraw Appearance attaching a formal certificate of termination from the Virginia State Corporation Commission. (Docket No. 49). Select Brokerage Services Inc. and Lancer A. Barton ("Plaintiffs") do not oppose Petitioners' Motion.

### II. LEGAL STANDARD

Pennsylvania Rule of Professional Conduct 1.16(b)(5) states that a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will

1

withdraw unless the obligation is fulfilled." PA. RULE PROF'L. CONDUCT 1.16(b)(5). Moreover, Rule 1.16(b)(6) permits withdrawal where "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." PA. RULE PROF'L. CONDUCT 1.16(b)(6). Local Rule 83.2(C)(4) states that "no attorney whose appearance has been entered shall withdraw his or her appearance except upon filing a written petition stating reasons for withdrawal, and only with leave of Court and upon reasonable notice to the client." W. D. PA. L. CIV. R. 83.2(C)(4).

As a general rule, a corporation may appear in federal court only through representation of licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). Despite this general rule, the Third Circuit has held that there are other factors for a court to consider that may permit counsel to withdraw from representation of a corporation. *Buschmeier v. G&G Investments, Inc.*, 222 Fed. Appx. 160, 163-64 (3d Cir. 2007). "[A] law firm can withdraw from representing a corporation even before the corporation retains new counsel when the withdrawing firm "serves no meaningful purpose." *Id*. (citing *Ohntrup v. Firearns Ctr., Inc.*, 802 F.2d 676 (3d Cir. 1986)). Courts have held that it is the Petitioners' burden to show that it serves no meaningful purpose. *Ohntrup*, 802 F.2d at 680 ("[W]e conclude that a law firm is entitled to withdraw once the firm demonstrates to satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned."); *Thompson, et al. v. Wyrks Tool & MacHine Ltd.*, et al., Civ. Act. No. 09-581, 2010 WL 2574072 at *2 (W.D. Pa., June 22, 2010) (affirming a magistrate judge's denial of a law firm's motion to withdraw because it did not provide an explanation for the request).

The Third Circuit has held that whether a firm "serves no meaningful purpose" can be determined by weighing three factors: (1) the burden imposed on the potentially withdrawing

counsel if the status quo is maintained; (2) the stage of the proceeding; and (3) the prejudice to all parties. *Id*. (citing *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co*., 310 F.3d 537 (7th Cir. 2002)); *Thompson, et al. v. Wyrks Tool & MacHine Ltd.*, et al., Civ. Act. No. 09-581, 2010 WL 2574072 at *2 (W.D. Pa., June 22, 2010) (acknowledging the *Buschmeier* Court's three-part analysis). Furthermore, the *Buschmeier* Court recognized that courts, often in unpublished opinions, will permit withdrawal and then inform the corporation that it cannot go forward without retaining new counsel. *Buschmeier*, 222 Fed. Appx. at 163.

### III. DISCUSSION

Petitioners have followed the ordinary rules of withdrawal. Local Rule 83.2(C)(4) permits withdrawal when the client fails to pay, so long as counsel provides reasonable warning. *See* W. D. PA. L. CIV. R. 83.2(C)(4); *see also* PA. RULE PROF'L. CONDUCT 1.16(b)(5). Petitioners have clearly satisfied the notice requirement here. Petitioners provided ABC and Jon Brent Smith ("ABC Defendants") with reasonable warnings of their intent to withdraw if they continued to not fulfill their financial obligation via email correspondence and telephone conversations. (Docket No. 46 at 4). Petitioners first made this Court aware of ABC Defendants' payment issues and the potential need to withdraw from the case during a telephonic status conference held of January 6, 2011. (Docket No. 44). Petitioners did not file their Motion for Leave to Withdraw until January 14, 2011. (Docket No. 45).

First, Petitioners argue that they may withdraw from the case because ABC is a defunct corporation. Hence, they argue they should be granted leave to withdraw because ABC is not an active, viable corporation. (Docket No. 45 at 4-5). On January 24, 2011, Petitioners filed a Supplemental Exhibit to the Motion for Leave to Withdraw Appearance attaching a formal certificate of termination from the Virginia State Corporation Commission providing that:

3

> The corporate existence of Asset Building Consultants, Ltd., a corporation formerly existing under the laws of Virginia, was automatically terminated on August 2, 2010 for failure to file its annual report and pay the annual registration fee as required by law.

(Docket No. 49-1). The legal existence of a corporation continues until the State Corporation Commission issues a certificate of termination. *In re Deborah Kay Lane*, 215 B.R. 810, 812 (Bankr. E.D. Va., Dec. 4, 1997). In Virginia, if a corporation fails to pay its annual registration fee, the corporation is automatically terminated. VA. CODE. ANN. § 13.1-752(A). Therefore, the legal existence of ABC ended upon the Virginia State Corporation Commission issuing the certificate of termination on August 2, 2010. (Docket No. 49-1). Accordingly, Petitioners are not restricted by the general rule that a law firm may not withdraw from representing a corporation before the corporation retains new counsel because ABC is no longer a legal corporation.

Second, Petitioners argue that their withdrawal is warranted by the severe financial burden imposed on them by ABC Defendants. (Docket No. 45 at 5). Specifically, Petitioners assert that the Motion should be granted based on ABC Defendants' failure to pay $5,498.53 in legal fees, as well as the additional burden and prejudice to Petitioners if they are required to continue to represent ABC Defendants. (Docket No. 46 at 6-7). Moreover, Petitioners contend that the early timing of the Motion in the litigation process favors withdrawal. (Docket No. 46 at 7). Petitioners argue that the parties will not be prejudiced by their withdrawal because the Motion has been filed prior to mediation, an initial scheduling conference, any fact discovery and any actions taken by the Defendants located in California. (Docket No. 45 at 5).

Courts have consistently allowed law firms to withdraw from representing a corporation before new counsel has entered their appearance when there are substantial unpaid bills and a

poor prospect of future payment. *Fidelity*, 310 F.3d 540.  Although Petitioners have only accrued $5,498.53 in unpaid legal fees at the point that they filed this Motion, that sum will undoubtedly increase significantly considering the stage of the litigation, if Petitioners are forced to continue to represent ABC Defendants.  Moreover, the Court does not find that the parties will be prejudiced by Petitioners' withdrawal due to the early stage of the proceeding.  *See id*.  Indeed, Plaintiffs do not oppose Petitioners' Motion.  Further, Defendant Jon Brent Smith may proceed *pro se* until he can secure new counsel, if he chooses to do so.[1]

### IV.  CONCLUSION

For the reasons set forth above, Petitioners' Motion for Leave to Withdraw Appearance (Docket No. [45]) is GRANTED.  An appropriate order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:  January 26, 2011.
cc/ecf:  All counsel of record.

---

[1] In scheduling a potential mediation in the instant case, the Court received indications during a telephonic status conference on January 13, 2011 that Defendant John Brent Smith intended to represent himself at such proceeding.  (Docket No. 47).